**UNITED STATES of America,**
**Appellee,**

v.

**Stanford Frederick BROWN,**
**also known as Gary White,**
**Defendant–Appellant.**

**No. 08–5633–cr.**

United States Court of Appeals,
Second Circuit.

Sept. 29, 2009.

---

Colleen P. Cassidy, Federal Defenders of New York, Inc., Appeals Bureau, New York, NY, for Appellant.

Jason P. Hernandez, Assistant United States Attorney (Jesse M. Furman, on the brief), for Lev L. Dassin, Acting United States Attorney for the Southern District of New York, New York, NY, for Appellee.

PRESENT: PIERRE N. LEVAL, REENA RAGGI, Circuit Judges, and DENISE COTE,* District Judge.

### SUMMARY ORDER

Defendant Stanford Frederick Brown was convicted, after a jury trial, of one count of making a false statement for the purpose of influencing an insured state-chartered credit union, *see* 18 U.S.C. § 1014, and one count of aggravated identity theft, *see id.* § 1028A. Sentenced principally to 32 months' incarceration, Brown has completed his term of imprisonment and been removed to his native Jamaica. On appeal, Brown challenges the district court's supplemental jury instructions regarding venue and the suffi-

---

* District Judge Denise Cote of the United States District Court for the Southern District of New York, sitting by designation.

ciency of the evidence on the issue of venue. We assume the parties' familiarity with the facts and the record of prior proceedings, which we reference only as necessary to explain our decision.

### 1. *Reference to Loan Application in Supplemental Instruction*

■ Brown contends that the district court erred in referencing the loan application containing the alleged false statement in its supplemental venue instruction. A trial court "has broad discretion to decide which facts, if any, it will mention in its comments to the jury," limited only "by the requirement that the charge be fair to both sides." *United States v. GAF Corp.*, 928 F.2d 1253, 1263 (2d Cir.1991). In this case, clarification specifically referred to the loan application and the court's supplemental instruction commented only on the law that would apply "if" the government made the necessary venue showing regarding receipt, approval or communication of the loan application. Trial Tr. 326. We identify no abuse of discretion on this record.

### 2. *Supplemental Venue Instruction*

■ Brown next argues that the district court erred as a matter of law in charging the jury that venue would properly lie in the Southern District of New York on the two counts of conviction "if a loan application was made or submitted in another district ... but received or approved or caused to be communicated in this district." *Id.* Because this particular challenge was not presented to the district court, we review only for plain error. *See United States v. Joseph*, 542 F.3d 13, 25 (2d Cir.2008) (noting that plain error review applies, *inter alia*, where a defendant "fail[s] to state his objection with sufficient clarity" or makes an "objection [that] focuses on a different problem than that

targeted on appeal"). We encounter no such error here.

"At a minimum," an error is not "plain" unless it is "clear under current law." *United States v. Olano*, 507 U.S. 725, 734, 113 S.Ct. 1770, 123 L.Ed.2d 508 (1993). Brown, however, has cited no authority addressing the statute here at issue, 18 U.S.C. § 1014, and reaching a different conclusion as to venue from that expressed by the district court. Nor are we aware of any such controlling law. In fact, several courts of appeals, relying in part on our decision in *United States v. Candella*, 487 F.2d 1223 (2d Cir.1973) (analyzing 18 U.S.C. § 1001), have reached a result consistent with the district court's charge. *See United States v. Angotti*, 105 F.3d 539, 543 (9th Cir.1997) (citing cases from Seventh, Tenth, and Eleventh Circuits). That the First Circuit in *United States v. Salinas*, 373 F.3d 161, 168 (1st Cir.2004), distinguished certain of these cases in analyzing the venue requirements of a different statute, 18 U.S.C. § 1542, is of no moment, as any error in the district court's unprotested failure to apply a similar analysis here is far from "clear under current law." *United States v. Olano*, 507 U.S. at 734, 113 S.Ct. 1770. We therefore reject Brown's challenge on this point.

### 3. *Sufficiency of the Evidence on Venue*

■ Finally, Brown contends that the trial evidence was insufficient to permit a reasonable jury to find that venue was established in the Southern District of New York. Again, Brown failed to raise this argument below. Because venue is not an element of the charged offense, *see United States v. Rommy*, 506 F.3d 108, 119 (2d Cir.2007), we have consistently "held that [a] defendant's objections to venue are waived unless specifically articulated in defense counsel's motion for acquittal," *United States v. Bala*, 236 F.3d

87, 95 (2d Cir.2000) (internal quotation marks and alteration omitted), even where defense counsel engages in cross-examination on venue and requests a venue instruction, *see id.* (citing *United States v. Potamitis,* 739 F.2d 784, 791 (2d Cir. 1984)). Defense counsel's statement at the close of the government's case—"I have a motion," Trial Tr. at 243—was thus insufficient to preserve the challenge offered here. *See United States v. Potamitis,* 739 F.2d at 791 ("A general motion for a judgment of acquittal, or a general motion for a directed verdict of acquittal at the close of the Government's case, is not sufficient to raise and preserve for appeal the question of venue."). We therefore deem this challenge waived. In any event, in view of the fact that the defendant's false loan application was on its face addressed to the lending institution at an address in the Southern District of New York, it appears that there is no merit to the defendant's claim that venue was not established.

### 4. *Conclusion*

For the foregoing reasons, the judgment of conviction is AFFIRMED.